Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills MI 48334 (248) 353-7575

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

The Estate of STEPHANIE DAWN MELLON-REPPEN, by its Personal Representative, ABBEY REPPEN,

Plaintiff,

vs.

UNITED STATES OF AMERICA, and NICHOLAS ROBERT HILL,

Defendants.

______________________________________/

Case No: - -CV
Hon.

KEVIN H. SEIFERHELD (P58016)
ALEXANDER P. KEMP (P80963)
Michigan Auto Law, P.C.
Attorneys for Plaintiff
30101 Northwestern Highway
Farmington Hills, MI 48334
(248) 353-7575
(248) 254-8081 fax
kseiferheld@michiganautolaw.com
akemp@michiganautolaw.com
esimon@michiganautolaw.com - assistant

______________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.

______________________________
Kevin H. Seiferheld

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills MI 48334 (248) 353-7575

NOW COMES the above-named Plaintiff, The Estate of STEPHANIE DAWN MELLON-REPPEN, by its Personal Representative, ABBEY REPPEN, (hereinafter referred to as "STEPHANIE DAWN MELLON-REPPEN") by and through their attorneys, MICHIGAN AUTO LAW, P.C., and says:

1. This action is brought under the Federal Tort Claims Act, 28 USC 1346 (b), 2671-2680 and 28 USC section 1331.

2. That ABBEY REPPEN was appointed in the County of Wayne, State of Michigan, the Personal Representative of the Estate of Decedent STEPHANIE DAWN MELLON-REPPEN. (See Exhibit 1 attached hereto).

3. That Plaintiff's decedent, STEPHANIE DAWN MELLON-REPPEN, all times material hereto, was a resident of the City of Livonia, County of Wayne, State of Michigan, United State of America.

4. That the Personal Representative of the Estate, ABBEY REPPEN, all times material hereto, was a resident of the City of Livonia, County of Wayne, State of Michigan.

5. That Defendant, NICHOLAS ROBERT HILL, at all times material hereto, was a resident of the City of Livonia, County of Wayne, State of Michigan.

6. That Plaintiff filed an administrative claim with the Department of Justice / United States Drug Enforcement Administration on November 23, 2023, by 28 USC section 2675(a) and no offer was extended.

7. That this Court has jurisdiction over claims brought pursuant to the Federal Tort Claims Act, 28 USC 1346 (b), 2671-2680 and 28 USC section 1331.

8. That Plaintiff STEPHANIE DAWN MELLON-REPPEN's damages exceed $75,000.00, as required under 28 USC section 1332.

9. Venue is proper under 28 USC section 1402(b) because this judicial district is where the Plaintiff resides.

**COUNT I**
**CLAIM FOR RELIEF**

10. That on or about December 15, 2022, at or about 7:28 p.m., the Plaintiff, STEPHANIE DAWN MELLON-REPPEN, was a pedestrian on westbound I-96, at or near the intersection of Beech Daly, in the Township of Redford, County of Wayne, and State of Michigan.

11. That at the aforementioned time and place, a vehicle owned by the Defendant, UNITED STATES OF AMERICA (hereinafter referred to as "USA"), doing business as the Department of Justice, Drug Enforcement Administration, Federal Trade Commission, or some other Federal agency, with License Number DWT6625, was being operated by Defendant NICHOLAS ROBERT HILL, with the express and implied consent and knowledge of its

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills MI 48334 (248) 353-7575

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills MI 48334 (248) 353-7575

owner, USA, and that Defendant NICHOLAS ROBERT HILL was in the course and scope of his employment with USA, said company being liable under the doctrine of Respondeat Superior and the Owner's Liability Act.

12. At that time and place, Defendant NICHOLAS ROBERT HILL, owed the Plaintiff, and the public the duty to obey and drive in conformity with the duties embodied in the Common Law, the Motor Vehicle Code of the State of Michigan, as amended, and the ordinances of the Township of Redford.

13. That Defendant NICHOLAS ROBERT HILL did then and there display gross, willful and wanton negligence and misconduct by failing to keep a proper lookout, failing to drive in a manner under a controlled speed for the conditions, striking Plaintiff's decedent, and causing Plaintiff's decedent to be killed.

14. That at the said time and place, Defendant NICHOLAS ROBERT HILL, acting within the course and scope of his employment with the USA, was guilty of gross, willful and wanton negligence and misconduct as follows:

A. In driving at an excessive rate of speed, under the conditions then and there existing;

B. In failing to stop within assured clear distance;

C. In failing to keep a reasonable lookout for other persons and vehicles using said highway;

D. In failing to have the vehicle equipped with proper brakes and/or failing to apply said brakes in time;

E. In failing to drive with due care and caution;

F. In failing to take all possible precautions to avoid any collision with other motor vehicles; and

G. In failing to make and/or renew observations of the conditions of traffic on the highway.

15. That Defendant NICHOLAS ROBERT HILL was further grossly negligent and negligent in failing to obey and drive in conformity with the Common Law and the Motor Vehicle Code of the State of Michigan as amended and ordinances of the Township of Redford.

16. That among those Michigan statutes Defendant NICHOLAS ROBERT HILLand Defendant USA violated are:

| | | |
|---|---|---|
| M.C.L. | 600.2922 | Wrongful Death Act; |
| M.C.L. | 257.401 | Owner liability; |
| M.C.L. | 257.626 | Reckless driving; |
| M.C.L. | 257.626(b) | Careless or negligent driving; |
| M.C.L. | 257.627 | General restrictions as to speed - assured clear distance ahead; |
| M.C.L. | 257.628 | Failure to observe a speed limit or traffic control sign or signal; |
| M.C.L. | 257.643 | Following too closely; |

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills MI 48334 (248) 353-7575

M.C.L. 257.705 Brakes.

17. That Defendant's gross, willful and wanton negligence and misconduct and negligence was a proximate cause of Plaintiff STEPHANIE DAWN MELLON-REPPEN's decedents fatal injuries and eventual premature death.

18. That at the said time and place, Defendant NICHOLAS ROBERT HILL was guilty of gross, willful and wanton negligence and misconduct and negligence in causing the premature death of Plaintiff's decedent and all damages sustained by the decedent and those damages sustained by the decedent's estate and heirs at law, including but not limited to all those recoverable damages under Michigan's Survivors Statute and/or Wrongful Death Statute, MCL 600.2921 and MCL 600.2922 respectively, including but not limited to the following:

A. Premature death;

B. Physical, mental and emotional conscious pain and suffering;

C. Emotional distress and suffering.

D. Medical, funeral and burial expenses;

E. Loss of society and companionship of the decedent;

F. Loss of services from Plaintiff's decedent;

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills MI 48334 (248) 353-7575

G. Compensation for the pain and suffering the decedent experienced while she was conscious before and during the time between her injury and her death;

H. All economic loss allowable under the Michigan Wrongful Death Act, the Michigan Motor Vehicle Code as well as any and all applicable law;

I. Any other damages allowed under the above cited statutes and/or under Michigan law which may be revealed through the course of discovery;

J. All damages that are fair and just and that bear the circumstances of this loss.

19. Plaintiff STEPHANIE DAWN MELLON-REPPEN, on behalf of the Estate, requests all damages that are fair and just under the circumstances, including, without limitation, the following:

A. Funeral and burial expenses in excess of that paid under Michigan No-Fault Law;

B. Compensation for the pain and suffering the decedent experienced while he was conscious before, during and the time between her injury and her death;

C. Loss of services of Plaintiff's decedent;

D. Loss of society and companionship of Plaintiff's decedent;

E. All economic loss allowable under the Michigan Wrongful Death Act;

F. All damages that are fair and just and that bear the circumstances of this loss.

20. That should it be determined at the time of trial that the said Plaintiff's decedent was suffering from any pre-existing conditions, at the time



Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills MI 48334 (248) 353-7575

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills MI 48334 (248) 353-7575

of the aforesaid collision, then and in such event, it is averred that the gross, willful and wanton negligence and misconduct and negligence of Defendant precipitated, exacerbated and aggravated any such pre-existing conditions.

WHEREFORE, Plaintiff, The Estate of STEPHANIE DAWN MELLON-REPPEN, by its Personal Representative, ABBEY REPPEN, now claims judgment for whatever amount she/the estate are found to be entitled under the Michigan Wrongful Death Act, plus court costs, attorney fees and interest from the date of filing this Complaint.

**COUNT II**

NOW COMES the Plaintiff, STEPHANIE DAWN MELLON-REPPEN, and adds a Count II as follows:

21. Plaintiff hereby realleges, reaffirms and incorporates herein by reference all allegations in paragraphs numbered 1-20.

22. In the alternative, if Defendant NICHOLAS ROBERT HILL was not in the course and scope of his employment with USA, Defendant NICHOLAS ROBERT HILL is liable for his gross negligence and negligence as fully discussed in Count 1, and Plaintiff claims all damages outlined in Count 1 against Defendant NICHOLAS ROBERT HILL.

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills MI 48334 (248) 353-7575

23. In the alternative, if Defendant USA was not the owner of the vehicle, Defendant NICHOLAS ROBERT HILL was the owner of the vehicle he was operating involved in the collision, in which he is liable for his gross negligence and negligence as fully discussed in Count 1, under the Owner's Liability Act, and Plaintiff claims all damages outlined in Count 1 against Defendant NICHOLAS ROBERT HILL.

WHEREFORE, Plaintiff, The Estate of STEPHANIE DAWN MELLON-REPPEN, by its Personal Representative, ABBEY REPPEN, now claims judgment for whatever amount she/the estate are found to be entitled under the Michigan Wrongful Death Act, plus court costs, attorney fees and interest from the date of filing this Complaint.

MICHIGAN AUTO LAW, P.C.

BY: ______________________________

KEVIN H. SEIFERHELD (P58016)
ALEXANDER P. KEMP (P80963)
Attorneys for Plaintiffs
30101 Northwestern Hwy.
Farmington Hills, MI 48334
(248) 353-7575

Dated: December 11, 2024

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

The Estate of STEPHANIE DAWN MELLON-REPPEN, by its Personal Representative, ABBEY REPPEN,

Plaintiff,

vs.

UNITED STATES OF AMERICA, and NICHOLAS ROBERT HILL,

Defendants.
_______________________________________/

Case No: - -CV
Hon.

KEVIN H. SEIFERHELD (P58016)
ALEXANDER P. KEMP (P80963)
Michigan Auto Law, P.C.
Attorneys for Plaintiff
30101 Northwestern Highway
Farmington Hills, MI 48334
(248) 353-7575
(248) 254-8081 fax
kseiferheld@michiganautolaw.com
akemp@michiganautolaw.com
esimon@michiganautolaw.com - assistant
_______________________________________/

**DEMAND FOR JURY TRIAL**

NOW COMES the Plaintiff, The Estate of STEPHANIE DAWN MELLON-REPPEN, by its Personal Representative, ABBEY REPPEN, by and



Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills MI 48334 (248) 353-7575

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills MI 48334 (248) 353-7575

through their attorneys, MICHIGAN AUTO LAW, P.C. and hereby demands a trial by jury in the above-entitled matter.

MICHIGAN AUTO LAW, P.C.

BY:________________________

KEVIN H. SEIFERHELD (P58016)
ALEXANDER P. KEMP (P80963)
Attorneys for Plaintiffs
30101 Northwestern Hwy.
Farmington Hills, MI 48334
(248) 353-7575

Dated: December 11, 2024